UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARLTON JOHN,

    Plaintiff,

vs.                            Case No.   3:25-cv-728-MMH-PDB

JUDGE MAUREEN HORKAN,
Fourth Judicial Circuit in and for
Duval County, Florida, KEVIN A.
HEMPHILL, JUDGE GARY L.
WILKINSON, Fourth Judicial
Circuit in and for Clay County,
Florida, BRITTANY GORDON,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Proceeding pro se, Plaintiff, Darlton John, initiated this action on July 10, 2025, by filing a Complaint for Violation of Civil Rights (Doc. 1; Complaint). Upon review, the Court finds that the Complaint is due to be stricken as it does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure (Rule(s)). While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 Fed.

Appx. 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). In addition, Rule 10 requires a plaintiff to state his claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." See Rule 10(b). And, "[i]f doing so would promote clarity," Rule 10 requires that "each claim founded on a separate transaction or occurrence— . . . must be stated in a separate count . . . ." See Rule 10(b). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which

---

[1] In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 Fed. Appx. 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)). Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is claiming. See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 Fed. Appx. 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

The Eleventh Circuit Court of Appeals has a term for complaints which violate Rules 8 and 10 in the ways discussed above – shotgun pleadings. See Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020). Significantly, although pro se pleadings such as Plaintiff's are construed more liberally than those drafted by attorneys, the Eleventh Circuit regardless has "little tolerance for shotgun pleadings." See Arrington v. Green, 757 F. App'x

796, 797 (11th Cir. 2018) (quotations omitted). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.9 (11th Cir. 2015) (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997). When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Here, the Complaint is full of vague legal conclusions and bare accusations. See generally Complaint. In addition, Plaintiff names four defendants in the caption of the Complaint but fails to set forth specific allegations with respect to each defendant. See id. As a result, it is impossible

to discern what each defendant is alleged to have done and which claims are asserted against each. This manner of pleading fails to comply with Rules 8 and 10, and ultimately, as with all types of shotgun pleadings, fails "'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" See Tran, 817 F. App'x at 913 (quoting Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015)).

In light of the foregoing, the Court will give Plaintiff an opportunity to file a corrected complaint which corrects the shotgun nature of the Complaint. The corrected complaint shall use numbered paragraphs, separate counts, and describe in sufficient detail the factual basis for each of the claims and how each Defendant is responsible for each claim. See Rules 8(a)(2), 10(b).[2]

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

---

[2] In preparing the corrected complaint and any future filings, the Court recommends that Plaintiff visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without A Lawyer." If Plaintiff does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.
  The Court also encourages Plaintiff to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Plaintiff may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.

2. Plaintiff shall file a corrected complaint[3] consistent with the directives of this Order on or before **August 27, 2025**. Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of August, 2025.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Lc35

Copies to:

Counsel of Record

Pro Se Party

---

[3] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).